We have five cases on the calendar this morning. One from CTAS, one from the Veterans Court, one from the Trade Court, one from the District Court, and one from the Finance Court. A variety of jurisdictions. The first case is New Vision Gaming & Development v. FG Gaming & Talking of the Doll, 2020, 1400. Mr. Dollar. Good morning, Your Honor. May it please the Court. Two issues this morning. One is a due process argument. The other is a foreign selection clause. I recognize that since the last time I was here arguing this case, we have some hurdles to get over. If I could start with the foreign selection clause issue. It's okay with the Court. I'll start with that. I recognize... In other words, you're not deciding the issue on which the Board decides it to fix. Pardon, Your Honor? You're not deciding the issue upon which the Board rests on its decisions. 101. In terms of the 101. Correct, Your Honor. So at this point, we are only challenging the proprietary of the proceeding itself. And with respect to the foreign selection clause, Your Honor, that makes us several points. First off, L&W now has never challenged that the foreign selection clause is applicable. They do make a new argument in their brief this time around. Okay, can I just ask, as a threshold matter on this foreign selection issue, looking precisely at what you argued to the Board, I never saw that you asked the Board or said to the Board, if you don't have authority to decide this, you better not institute it because you don't have authority to decide it. That wasn't your argument, it didn't seem to me. You seem to be arguing not that the Board was without power to institute, but instead that you might be deprived of jurisdiction if the district court acts on this, so you shouldn't do it. Right? Sorry, are you characterizing our argument for the Board? Yes. I think that's one way to read it, but I also think that to read it in context, like, for example, if you look at appendix, page 214, for example, the Board recognized that this was something that whether the Board should do or not and decided section 324A, right? So I think in the context of... Correct me if I'm wrong. Am I wrong? What did you ask of the Board? Why did you tell the Board they shouldn't institute it? What were you asking the Board to do? Your Honor, it premised on the idea that the Forum Selection Clause by itself, like, whether you consider it as a per se bar or whether you consider it as part of a discretionary analysis, that should have been enough, or at least enough to consider not instituting. And what we have... So you said, what did you say to the Board? You should not institute because... Because the other party was barred per the Forum Selection Clause, and we did not go as far to argue and lay out a detailed analysis under, say, pentive or some discretionary analysis. I think the thrust of our argument, and I think the Board understood this because it did cite 324A, and it did say, again, on page 214 of the appendix, that it wasn't persuaded that the Board should not institute and then cited 324A. Okay, but I understood your argument. So am I incorrect that your argument to the Board was simply you might be deprived of power to hear this at some later date if we go to the district court and get the district court to issue an injunction? Is that a correct characterization of the argument you made to the Board with respect to institution? I don't think that was the argument saying that they would have been deprived of institution. I think... Sorry, jurisdiction. Deprived of power. I think that's a quote, but I may be wrong about that. But again, I think that the focus on it was that perhaps the parties could have gone to a district court and gotten an injunction, which played out later, like in this case. That's true, but that's, as the Board said, speculative. Right. I agree with you that to some extent it is speculative, but the thrust of our argument was that the Board should have at least considered that. And what did you want the Board to do? I mean, again, I may disagree with you in terms of how you actually characterized your ask to the Board in the first instance. But tell us now, what did you expect the Board to do? They had to read and analyze the form selection clause or just say, no, because there's a piece of paper that says form selection clause, we shouldn't be here at all? No, Your Honor, the former. Right, so we submit, I submit now. And again, in hindsight, maybe it would have been more to present it a little more quickly. Why bother with an agreement between two parties? Well, Judge Lurie, I'd posit, why shouldn't they? I mean, it's consistent with the Court's opinion in Nippon. And if the parties, and this goes to a line of Supreme Court cases, and the most recent, right, is Atlantic Marine Construction, I believe 2021 from the Supreme Court, where the Court says essentially that it should be an extraordinary circumstance where there's some disregard for a private party's agreement to litigate a case in a particular forum. Didn't you also tell the District Court, leave it to the Board? Your Honor, I know my friend on the other side presses that argument. My position is that's a mischaracterization of the record. And we tried to explain that in our reply brief. And the point that underscores that is eventually when we went to the Board, we filed a request for rehearing, a reconsideration after the final written decision. And we still pressed the argument that the proper forum should have been the District Court per the Forum Selection Clause. But you're saying they mischaracterized it. I think they characterized it perfectly right. There were quotes for what you said to the District Court. And we... How is what they did not accurate? The quotes are taken out of context because at the time, New Vision was trying to avoid duplicative proceedings, recognizing that at a later date the Board still could decide not to de-institute or to terminate the proceeding if it reconsidered the Forum Selection Clause. Okay, can I go back just to... What did you... In your recitation today, what did you want... What do you say the Board had to have done in the first instance when you came to them and you said, we've got this Forum Selection Clause? Did you want them to analyze it and make a decision about whether or not what the impact of the Forum Selection Clause was? Or were you saying, we've got something called the Forum Selection Clause so you should just not institute? What was... What is your argument for what they should have done? Sure. Let me frame it this way, and this is what we're asking the Court to do, is vacate the decision and have the Board at least consider it as part of its discretionary analysis. The Board has not done that. And it could...  To consider what? The Forum Selection Clause? The Forum Selection Clause in the contract. How is a Forum Selection Clause related to the statutes that govern institutions of the CBM? Well, we would say that it falls under 324A, Your Honor. The Board's general discretionary analysis. And if the Board... You can't get more specific than that. You can't make a... relate the statute governing or your Forum Selection Clause or the statutes that govern institutions of the CBM? You can't articulate an argument on that? For CBMs, 324A is the primary statute that governs. There are some other ones. If it's IPR, it's like 315B, for example. In what way does it govern? Pardon, now? In what way does it govern? Well, I think consistent with this Court's case law, 324A provides the Board discretion on whether to institute or not. Now, the PDO takes the position that it has complete discretion of whether to institute or not. Our primary position solely is that the legal analysis of that discretionary function was flawed because it took no... Okay, I don't understand. What do you want the Board to do? To analyze the Forum Selection Clause and to say, yes, this looks... either no, this doesn't look like an agreement that would dislodge our ability to do this or it doesn't. You want them to analyze the impact of the Forum Selection Clause? Correct. Just like a district court... And what happens if they go against you? Are you claiming that we have the ability to review that? No, Your Honor. No, no, I think that's our dividing line. If... Right, so we're asking for the same type of analysis that any party would get in the district court or, for example, in the Nippon case where... So you're saying we don't have authority to review their decision in that regard but we have authority to review whether they, in their discretion, made a decision or not. Is that your position? You have the ability to review their decision to the extent it's contrary to law in terms of it just ignores, completely ignores a category of highly relevant evidence. Again, going back to the Supreme Court case law, it says parties should have their Forum Selection Clause as a contract generally regarded or respected and that just wasn't the case. Again, if it goes back on remand and the Board comes out on a different way and considers the new information that my opponents included in their response brief and says, no, you either waived it or in the interest of justice or in the interest of proceeding through it we've considered it but we don't feel it carries enough weight then we would not have a disagreement with that analysis and that would be consistent with... And that's not reviewable? Correct, because... I don't understand. Correct. So you're saying what is reviewable is what? It is a flawed legal analysis by entirely excluding the most relevant piece of information in terms of whether the Board should institute or not namely, whether it should... So what if the Board says, okay, we'll look at it on remand and the Board says, yeah, this appears to be what the parties intended which I think is not necessarily the case here but even if they say, yes, it appears that's the party's intent but we still, we the Board, still think that we have the authority and the discretion to decide this IPR nonetheless. Right. So let's assume they say that. And you agree, you're saying that would not be reviewable by us. Yes, Your Honor, you're correct. I strongly disagree with the way the Board would come out because I think generally a form selection clause, again, unless there's extraordinary circumstances should be respected. Now the Board can come out differently. That's not the only way you have to get to where it seems you maybe wanted to go at least at some point which is to go to the Court and ask the Court to enjoin the parties from going to the PTAB. We have other cases in which that was the avenue sought and you're obviously desperate now to get the Board to change its mind to get this form selection clause effectuated. Why don't you just go to the District Court? That's a good question. I would push back a little bit about characterizing this as desperate. I'm trying to be firm. But in any event... Sorry, I apologize. No, no, no, no. There's no need to apologize. If you're approaching your rebuttal time, do you want to spend a minute to talk about mobility? Your Honor, I can unless Judge Vaina has another question on this point. Yes. So in answer to my question, you said that there's a relationship between the form selection clause and the statutes that govern institutions by the Board in the CBM case, right? Yes, Your Honor. Okay. If that's the case, then how is it that we have jurisdiction to review that issue? That's a very fair question and I think it's one of the hurdles that we need to get over. The Apple v. Vidal case... Well, you've said here in court, you've argued here in court that there is this relationship. Right. And our law is pretty clear on that. Our case law is pretty clear that once you have a relationship with the statutes that govern an institution, that this court does not have jurisdiction to review. What I would... I would push back on that a little bit in terms of relationship. I would view it under the opinion of... in staff and where the Supreme Court specifically says that 706-2A and C still apply in this context. You're arguing that the form selection clause does have a... It's related in the general context but it's not related into the merits of the underlying... If it is related in the general context then it's clear we don't have jurisdiction. I respectfully disagree with that in that no court yet has said that the board is entirely free to ignore a form selection clause and that this court can't review it. And if I... just closing point, just to get back to your question, Judge Perkins... Maybe no court has said that because they don't have jurisdiction to make that announcement. Well, a court can certainly make the announcement and dismiss the case if that's the conclusion that you come to. And if that is the conclusion... That no court, especially this court, has held... forget the announcement that has held that that's possible. Well, no court has held that... well, this court hasn't held that there's jurisdiction lacking under these circumstances. Again, if you come to that conclusion we'd welcome that clarification in the law. The last point... Well, it seems to me, Counsel, that if I follow your line of reasoning which I asked you to articulate it would lead to that conclusion that we don't have jurisdiction to review this argument. Well, I'll leave it at that. We think that we have stronger ground under the reasoning and stats. We recognize that Apple versus the doll and the alarm.com case present hurdles on that front. Just one last point, Judge Lurie, Judge Perkins, just getting back to your point in terms of why we didn't go to the district court and, again, in hindsight I would certainly acknowledge given the development of this Court's case law and other case law particularly the Nippon case and the Kennedy case in hindsight, perhaps, that's maybe where we should have gone but hindsight's 20-20 and at that time the law, we believe, was unsettled. There's no precedential opinion from this Court saying that the Board would be able to not consider a forum selection clause in terms of declining to institute. And, Your Honor, I'll reserve the rest of my time. No, I do have one last. What is it that you are asking that we do? What relief are you seeking before this Court? The direct relief is to vacate the Board's decision and to order them to consider the forum selection clause as part of their analysis. To both order the Board? Correct, Your Honor. Under a CBM process? Correct, Your Honor. Okay. I know that's expired and I don't know we haven't really addressed how that would play out and I'll reserve the rest of my time. I'll rest on the brief in terms of the due process unless the Court has any questions. Right. Well, you're reserved four seconds but we'll give you two minutes. Thank you, Judge Lurie. You're splitting your time and you're taking eight minutes. Yes, Your Honor. Good morning, Your Honors. May it please the Court. I think what you heard from my opposing counsel today was that the institution decision was tied to the institution statute, Section 324A. That's consistent with what New Vision argued at the Board pre-institution in its pre-institution certify. That's consistent with the manner in which the Board instituted trial in the unruly instance. Okay. I get that. But is it your view that the Board can never review a forum selection clause? My position, Your Honor, is that there is no authority of which I'm aware that affirmatively gives the Board the right or authority to do so. And that was the basis on which the Board exercised its discretion to institute because lacking authority saying that the Board was empowered to do that, they decided not to take it. What if hypothetically, and I'll ask the government this too, but let's say, I mean, the forum selection clause here is different than what the hypothetical I'm going to give you. The hypothetical is if the parties agree in a license agreement that if any disputes with respect to the validity of any claims here, including patents at issue, ensue, will not be heard by the Patent Trial Appeal Board. It will only be heard by the District Court of Southern District of California. And then the petitioner tries to get a CBM instituted. Does the Board just ignore that forum selection clause and go ahead? Well, I think the Board would be faced with a discretionary choice, Your Honor, because... So you're not saying the Board can't look at it. You're saying it can decide whether it wants to look at it. I'm saying there's no authority saying affirmatively that they can. And so if the Board decided to do so, there's no authority saying they can't. But the authority that exists to date, of which I'm aware, all says that an agreed patent owner in that kind of situation has to seek relief from a District Court. And on the reviewability, because we've got the two questions with respect to every question we ask. Is one, what should the Board do? And two, is it reviewable by us no matter what they do? So is it your view that that just their exercise of discretion, however it turns out, is reviewable or not reviewable? If a matter of discretion, it would not be reviewable, Your Honor. If the Board, in those instances... Only because it's their discretion, not because it's tied to the institution decision, because it's about something other than the institution decision? No, if it's tied to the institution decision as well, Your Honor, it would not be reviewable. It's only in those rare instances, for example, where the Board exceeds the statutory authority, where, you know, there might be an exception to the no reviewability limitation. But that's not what we're dealing with, and as I understand your hypothetical, that's not what you're asking. Any further? If I may, Your Honor. Opposing counsel, you asked opposing counsel why didn't New Vision seek an injunction in district court. It's more than just in hindsight that maybe they should have. It's that they affirmatively embraced the PTAB in the district court, right? They sought a partial motion to stay the district court proceedings. Only... One of the answers that I think he had in his brief, and he didn't raise it today, but one of his responses to that is that, well, heck, once institution... Once we lost that battle and the Board instituted, we were playing on a different field. So now we knew the Board had instituted, we didn't have any appeal rights, and so, yeah, now our choice is to go... Our only choice, or a reasonable choice at least, is now, given that institution, we're going to go and get the district court to stay. Why isn't that a reasonable position and why does that prejudice their other arguments? Well, I don't think it's accurate because I don't think it's reason that they could not have sought an injunction. The reason that they sought a partial stay in the court below is for a strategic advantage. What they wanted to do is only stay the patent eligibility challenge in the district court, proceed in the PTAB, but the part of the case that they sought not to stay were their affirmative contract-related claims and that sort of thing. That is what they wanted in district court. So they actually embraced the notion of patent eligibility being challenged in the PTAB. There's an additional reason as well that's discussed in the briefs, Your Honor. They cited to the district court their ability to amend claims in the PTAB, which is an additional advantage and an additional reason they embraced litigating eligibility in the PTAB. Did they ever move for amendment to the... It was... The motion was denied in the final written decision, Your Honor. If there's nothing further... If there's nothing further, Your Honor, I'll see the rest of my time to the governor. Thank you. Good morning. Good morning. Thank you, Your Honor, and may it please the court, Joshua Salzman on behalf of the director. Given that argument has really just focused today on the forum selection clause, I'm happy to begin with that, though I should note the government has made a fairly limited submission on that point. We have just argued preclusion of review under Section 32040. It does seem to me that the issues we're concerned about have very much to do with the board and the board's position on these things, the things we've talked about this morning. So let me ask you a question. In your brief... This is on reviewability. Yes. In your brief, you argue that under QOZO 314D, bars review at least of matters, quote, closely tied to the application and interpretation of statutes related to the institution decision. And then in your brief elsewhere, you acknowledge that the forum selection clause issues are outside of the board's expertise. How is an issue that's outside the board's expertise closely tied to the institution statute? So I think our brief explains that it is bound up in Section 324A, and I understood counsel for New Vision to concede just that point. Yeah, I know. I agree with you that he conceded it. I'm not sure that that gets, you know,  We still have to construe the law. Of course, Your Honor, and I'm happy to justify it on its own merits and explain why this case lines up so well with Thrive. And I'd like to begin actually with Part 3C of Thrive, which lays out the policy undergirding the preclusion of review. And one of the things that explains in cases like this one where you're dealing with an instituted proceeding, not a denial of institution, that there's something that's very strange when you have a case like this one where the board has already, rightly or wrongly, commenced on review of a patent, reconsidered the validity of it, conclude that the claimed invention is unpatentable. You then have the patent holder no longer contest that, as I understood counsel for New Vision to do with Judge Lurie, and then to have the patent spring back to life, finding not just the IPR or the CBM petitioner, but the public at large No, I appreciate that. But what about hypothetically, the hypothetical I posed to the other side, or your friend, which is, what if the form selection clause here was not what it actually is, in my reading, but at least said absolutely conclusively, under a license agreement, they said, if there were any questions with respect to validity, both parties were required to go to the Southern District of California to litigate those, and not to the PTO. And the board gets that on its desk on the institution question. Is your answer that they should ignore it, and they could get away with saying, we don't care about form selection clauses, we just care about patent statutes? Are they required to do anything about that? So I think it is perfectly rational for USPTO to take the position that district courts are better situated to address those concerns, and to say, it's not that we're ignoring them, but this court recognized in NEPON there's a process and a procedure available to patent holders who've entered into license agreements or other contracts. So you agree with the other side, that the board has the discretion to either look at it if it wishes, and consider it, or to not look at it? Yes, Your Honor. We certainly have the discretion to deny it. And what are the criteria that the board would use in terms of when they look at it and when they don't? So I think one option would be to have the director put out guidance on something like that. But I think the more fundamental point... There's no guidance. No, there's not at this point. But candidly, the board doesn't want to be in this business of evaluating form selection clauses. We think district courts are far better situated to be doing that, and we are very happy to have these agreements enforced, but not enforced in the context of an opposition to institution, but rather in the context of somebody going to district court. So what if the board, a particular board, since there is no guidance from the director as of now, the board says, gee, this is a strong form selection clause. We're not going to institute because of it. They're allowed to do that in their view. Yes. Discretionary denial of authority. And are all of these decisions not reviewable by us? Yes. 324E, I think, is pretty clear that discretionary denials are not subject to review. And as I think was discussed earlier, this court's recent decision, Apple v. Badal, only underscores that. What's your statutory authority for having the basis to review the form selection clause? I think it is bound up in just the same kind of ability to just deny for discretionary reasons that was approved or at least was held to be unreviewable in Apple v. Badal. So it would be essentially analogous. So the same would be true to any issue that's put before the board? You have discretion before any issue that's brought to you? There's no limit? Well, there's certainly no judicial review. I think that there are political checks in place that if the board stops... The board's authority to review. The board, it seems to me you're arguing the board has plenary authority. You're calling discretionary but it's really plenary. The board has authority to review anything it wants. Well, the board has to comply and it should comply and always endeavors to comply with the statutory limitations on its authority. So for example... What's the statutory limitation on this authority to review a form selection clause? I'm not sure there is one but I do think it's bound up in the 324A question and that's why there's a proposed number if you wonder. So in the absence of that you've exercised the discretion to institute review. So it seems to me you're arguing or your statements take you to a point to where the board has authority to review almost anything it wants. And that flies in the face of what we know to be case law and Supreme Court case that says that the agency's authority is not plenary. That there are instances that are outside of the... Are you referring to SASS or to another case, Your Honor? I'm referring generally to a law but you can start with SASS. I'll be happy to distinguish SASS just as this court did in Appel v. Vidal. What Appel v. Vidal recognizes is SASS wasn't about the institution itself. It was about the conduct of the instituted proceeding and particularly the requirement under 35 U.S.C. 318 that the final written decision not the institution opinion the final written decision addressed all of the claims in the petition. So there, that brought it outside of the preclusion of... Let me ask you. If the board decides to take a look would you say it has the discretion to do? So let's assume the board says this form selection clause doesn't do it for us. We don't think there's anything that precludes us from going forward that this doesn't really have any teeth to it. And simultaneously they go up, somebody runs into district court to try to get an injunction with respect to the form selection clause. Does anything the board has said have any effect a stoppable effect or anything on what the district court does or can those just... No, and to be clear... And we get to review what the district court says. So if the district court construes the form selection clause and says it says X and not Y that's reviewable. But when the board does it it's not reviewable. I think that would be right in theory but to be clear I just want to step back and say well I think we have the authority to do this. As I said before the board does not want to be in this business. We want people going to district court to construe these and while I think under cases like the Apple v. Vidal which approved fintive discretionary denials I don't think that it necessarily follows that the board wants to be doing this and we would are much happier to have the private parties litigate their own contractual rights in district court if there is a very clear forms selection clause. Who would the board say? I mean the board's under pretty firm time limits. Would the board say it's proceeding? If you say they want the district court presumably they would abide by whatever the district court decides. Are they... Would there be a scenario in which the board would have to say it's proceeding if they went to the district court? So what you see happening as in Nikon and some of the other cases what you have are folks going to district courts and seeking preliminary injunctions expedited proceedings in light of the statutory timetables that require the board to move relatively quickly and if the district court concludes that the forms selection clause is applicable then they direct the IPR or CBM petitioner to withdraw the petition. And that is just a much more efficient and it's also better tailored to the relative expertise of the district court and the board. Thank you, counsel. Your time is just about coming to an end. Okay. Thank you, your honor. Mr. Dowd has a couple of minutes. Two minutes, Jerry? Two minutes. Thank you. A couple of points in those two minutes. Let me just pick up on the last point that my colleague mentioned. We would strongly disagree that there's any gained efficiency by requiring parties to go to district court file a preliminary injunction go through that process and then get an order in joining the board from proceeding with a PTAB proceeding when the board is certainly capable of doing that analysis from the get-go. The second point, your honor, is in terms of to what extent the form selection clause analysis is related to the institution decision. I agree with my colleague from the government  wrapped up in section 324 but then going back to CLOZO, the language of CLOZO and the language of STAS focuses on whether it's really dealing with the patentability analysis. And this has nothing to do with the patentability analysis. The board can look at this and consider the form selection clause. They consider settlement agreements. The board considers RPI issues, real party and interest issues. Those all tie up in terms of contractual relationships and so there's no reason why the board couldn't do that here. And ultimately, what we're asking for is essentially the same outcome that would happen assuming our view of the form selection clause is correct that would occur if we went roundabout to the district court. And I guess we just don't really see any reason why the board should be allowed  wholesale ignore this eminently important category of evidence of whether they should institute or not. Nippon, the Nippon case in the very last paragraph of the opinion, Judge Lurie, as you know, it mentions that there's nothing against public policy in enforcing form selection clauses here. And that's what we're asking for here. We're just asking for the board to at least consider it. And unless there are any further questions, we'll rest. Thank you. Thank you, Your Honor. Good job. We'll take the case under submission.